Filed 1/27/21  In re Nathaniel G. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| In re NATHANIEL G., et al., Persons Coming Under the Juvenile Court Law. | B303973 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff,<br><br>    v.<br><br>CRISTIAN G.,<br><br>    Defendant and Appellant;<br><br>NATHANIEL G., et al.,<br><br>    Minors and Respondents. | (Los Angeles County Super. Ct. No. 19CCJP01712A-B) |

APPEAL from orders of the Superior Court of Los Angeles County, Martha Matthews, Judge and Robin Kessler, Judge Pro Tempore. Affirmed.

Keiter Appellate Law and Mitchell Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Minors and Respondents.

_____

Appellant Cristian G. (father) appeals from the juvenile court's January 6, 2020 orders continuing jurisdiction over his children, Nathaniel (born 2013) and Evelyn (born 2015) under Welfare and Institutions Code sections 300 and 364.[1] We affirm the orders.

## BACKGROUND

### Prior appeal

In a prior appeal, this court affirmed the juvenile court's orders establishing dependency jurisdiction over Nathaniel and Evelyn under section 300, subdivision (b), based on father's marijuana use; his violation of a court order requiring monitored visitation between the children and their mother, Martha C. (mother); and mother's substance abuse. We also affirmed the juvenile court's dispositional orders. (*In re N.G.* (Oct. 7, 2020, B299550 [nonpub. opn.].) The dispositional orders placed the children with father in the paternal grandmother's home and required father to complete a parenting program, to submit to 10 random drug and alcohol tests, and to enroll in a drug rehabilitation program with random testing if father had an unexcused missed test or a positive test for anything other than decreasing levels of marijuana.

_____

[1] All further statutory references are to the Welfare and Institutions Code.

2

The court ordered mother to enroll in a drug rehabilitation program with aftercare, weekly random drug and alcohol testing, individual counseling to address case issues, and a parenting program. Mother was accorded monitored visits with the children.

**Current appeal**

In January 2020, the Los Angeles County Department of Children and Family Services (the Department) reported that the children remained placed with father in the paternal grandmother's home. Father had full-time employment that kept him away from the home from 2 p.m. to 12 a.m. He got the children ready for school in the morning and took them to school. After school, the children were cared for by two paternal aunts who also lived in the home. The paternal grandmother, who was the children's primary caregiver, prepared dinner, bathed the children, and put them to bed.

Mother had not been in contact with the Department for three months when she met with the social worker in November 2019. She had moved out of Los Angeles County and had been employed for nine months. Mother said she was not using any drugs and denied ever having a drug problem.

Mother said she visited with the children at the paternal grandmother's home or at a park near the paternal grandmother's home. Nathaniel reported, however, on two separate occasions that he had been to mother's "new home." He became evasive when the social worker questioned him further about visiting mother's home. The social worker expressed concern that mother was having unmonitored contact with the children, in violation of the order for monitored visitation. Mother had not enrolled in a drug program or complied with any

part of her case plan.  The Department concluded the children were at high risk of future neglect or abuse by mother if they were to be returned to her care.

Father had also failed to enroll in any court ordered programs, insisting that he should not be required to do so. Although neither parent had complied with their respective case plans or taken identifiable steps to mitigate the problems that led to dependency jurisdiction, the Department concluded the children were not at risk of harm and recommended terminating jurisdiction.[2]

At the January 6, 2020 review hearing, the children's counsel asked the juvenile court to retain jurisdiction, pointing out that father had failed to comply with any part of his case plan and that the Department's reports indicated the children were having unmonitored visits with mother.  The juvenile court agreed, noting that neither parent had complied with their respective case plans, and there was evidence that mother was having unmonitored contact with the children.  The court extended jurisdiction for an additional six months and modified its prior order requiring father to complete 10 on demand drug tests.  The juvenile court ordered father to start a new series of five consecutive negative drug tests, showing nothing other than decreasing levels of marijuana.  The court ordered the Department to provide appropriate parenting referrals for father.

This appeal followed.

_____

[2]    In light of its recommendation, the Department is not a party to this appeal.  The children are the respondents in this appeal.

**DISCUSSION**

## I. Applicable law and standard of review

Section 364, subdivision (c) provides:

"After hearing any evidence presented by the social worker, the parent, the guardian, or the child, the court shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction unless the social worker or his or her department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn. Failure of the parent or guardian to participate regularly in any court ordered treatment program shall constitute prima facie evidence that the conditions which justified initial assumption of jurisdiction still exist and that continued supervision is necessary."

"[T]he juvenile court may retain jurisdiction notwithstanding the recommendation of, or facts solely submitted by, the Department if there is a preponderance of evidence that the conditions are such to justify that retention." (*In re J.F.* (2014) 228 Cal.App.4th 202, 210 (*J.F.*).) We review the juvenile court's orders under section 364 for substantial evidence. (*Id.* at p. 209.)

## II. Substantial evidence supports the order for continued jurisdiction

Substantial evidence supports the order for continued jurisdiction. The undisputed evidence shows that both father and

5

mother failed to participate in any court ordered programs, "prima facie evidence that the conditions which justified initial assumption of jurisdiction still exist and that continued supervision is necessary." (§ 364, subd. (c).)

Father's reliance on conflicting or ambiguous statements by Nathaniel regarding the child's visits with mother is insufficient to overturn the juvenile court's finding that the monitored visitation order had been violated. Under the applicable standard of review, an appellate court does not reweigh the evidence, evaluate the credibility of witnesses, or draw inferences contrary to the findings of the juvenile court. (*J.F., supra,* 228 Cal.App.4th at p. 209.)

Father's challenge to the orders requiring him to drug test and to participate in a parenting program is moot. We affirmed the dispositional orders for drug testing and parenting in father's prior appeal. (*In re N.G.* (Oct. 7, 2020, B299550 [nonpub. opn.].)

## DISPOSITION

The juvenile court's January 6, 2020 orders are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.

CHAVEZ

We concur:

_____, Acting P. J.      _____, J.

ASHMANN-GERST                          HOFFSTADT